IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| OMAR MENDOZA AYALA, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | C.A. NO. C-07-120 |
| | § | |
| IMMIGRATION AND NATURALIZATION | § | |
| SERVICE, ET AL., | § | |
|     Respondent. | § | |

### MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, petitioner filed a petition pursuant to 28 U.S.C. § 2241, requesting habeas review of a final order of deportation and demanding release to INS for deportation (D.E. 1). Pending is petitioner's request for appointment of counsel on appeal (D.E. 3).

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). *See also United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (right to appointed counsel does not extend to post-conviction proceedings). Counsel may be appointed in habeas cases when required in the interests of justice. 18 U.S.C. § 3006A(a)(2); *Santana v. Chandler*, 961 F2d 514, 516 (5th Cir. 1992). Petitioner states that proceeding without a lawyer poses a hardship to him; however he cites no facts supporting his hardship claim. The issues in his case are not complex, and petitioner appears to be reasonably

articulate and to have the ability to present his case. If the interests of justice so require at any point in this litigation, counsel will be *sua sponte* assigned.

Accordingly, petitioner's motion for appointment of counsel (D.E. 3) is denied without prejudice.

ORDERED this 22nd day of March, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE